IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MANSOUR BIN EL-AMIN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:12-cv-416 |
| CORRECT CARE SOLUTIONS, *et al.*, | ) Judge Sharp |
| Defendants. | ) |

## ORDER

On September 18, 2012, the plaintiff filed a "Motion for Permission to Appeal" (ECF No. 8), which the Court construes as a notice of appeal, and a "Motion to Toll the Statute" (ECF No. 9), which the Court construes as a motion to extend the deadline for filing a notice of appeal. The judgment of dismissal from which the plaintiff seeks to appeal was entered on May 10, 2012, more than 120 days prior to the filing of the present motions.

A notice of appeal from the district court to the court of appeals must be filed "within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). Rule 4(a) has been interpreted as both mandatory and jurisdictional by the Supreme Court and the Sixth Circuit. *See Browder v. Dir., Dep't of Corrs. of Ill.*, 434 U.S. 257, 264 (1978); *In re Sulzer Orthopedics & Knee Prosthesis Prods. Liab. Litig.*, 399 F.3d 816, 817 (6th Cir. 2005). However, an untimely notice of appeal can still be viable if a motion to extend the time for filing a notice of appeal is filed in the district court within 30 days after the time prescribed by Rule 4(a) expires, so long as the movant demonstrates either good cause or excusable neglect. Fed. R. App. P. 4(a)(5).

In this case, under Rule 4(a)(1)(A), the notice of appeal should have been filed no more than 30 days after entry of judgment on May 10, 2012 (that is, by June 11, 2012, since the 30th day after May 10 fell on a Saturday); a motion for extension of time under Rule 4(a)(5) was required to have been filed no more than 30 days after that date (by July 11, 2012). The motion in this case was filed on September 18, 2012, more than 60 days after the expiration of the later date, and is therefore untimely with respect to relief under Rule 4(a)(5). In addition, the plaintiff has offered neither good cause nor excusable neglect to

explain the delay. Instead, he simply states that "he can only apologize for the lack of knowledge governing appeals." (ECF No. 9, at 1.) Relief under Rule 4(a)(5) is therefore not available.

Federal Rule of Appellate Procedure 4(a)(6) permits a district court to reopen the time for filing an appeal if: (1) the court finds the moving party did not receive notice of entry of the order to be appealed from within 21 days; (2) the motion is filed within 180 days after the order is entered or within 7 days after the moving party receives notice of the order, whichever is earlier; and (3) the court finds no party would be prejudiced. Fed. R. App. P. 4(a)(6). The plaintiff here does not allege that he did not receive a copy of the final judgment within 21 days of its entry, and the docket shows that the certified mail return receipt card was signed by a prison official on May 11, 2012. It does not appear that relief is warranted under this rule either.

Accordingly, the motion for extension of time (ECF No. 9) is **DENIED**.

The Clerk of Court is **DIRECTED** to forward a copy of this Order and the notice of appeal (ECF No. 8) to the Sixth Circuit Court of Appeals.

It is so **ORDERED**.

_Kevin H. Sharp_
Kevin H. Sharp
United States District Judge